# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. WILLIAMS,<br>Inmate Booking No. 11118030<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM D. GORE; SAN DIEGO COUNTY SHERIFF'S DEP'T,<br><br>Defendant. | Civil No.   12cv2952 MMA (WMc)<br><br>**ORDER DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF FIRST AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 4(c)(3) & 28 U.S.C. § 1915(d)** |

## I.
### PROCEDURAL HISTORY

On December 11, 2012, Plaintiff, an inmate currently housed in the Vista Detention Facility located in Vista, California and proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff also filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). On January 8, 2013, the Court granted Plaintiff's Motion to Proceed IFP and sua sponte dismissed his Complaint for failing to state a claim. (ECF No. 3 at 5-6.) Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court. (*Id.* at 6.) Plaintiff was also cautioned that any "Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived." (*Id.* citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

On March 18, 2013, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 9.)  In his First Amended Complaint, Plaintiff no longer names Sanford Toyen as a Defendant.  Thus, Plaintiff has waived his claims against this Defendant and he is dismissed from this action. *King*, 814 F.3d at 567.

## II.

### SUA SPONTE SCREENING PER 28 U.S.C. § 1915(e)(2) AND § 1915A

As the Court stated in its previous Order, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915A

The Court finds that Plaintiff's claims are now sufficiently pleaded to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Therefore, Plaintiff is entitled to U.S. Marshal service on his behalf. *See Lopez*, 203 F.3d at 1126-27;  28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915."). Plaintiff is cautioned, however, that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

///

## III.

### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Defendant Sanford Toyen is **DISMISSED** from this action. The Clerk of Court is directed to terminate this Defendant from the docket.

**IT IS FURTHER ORDERED that:**

2. The Clerk shall issue a summons as to Plaintiff's First Amended Complaint (ECF No. 9) upon Defendant and shall forward it to Plaintiff along with a blank U.S. Marshal Form 285 for Defendant. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order, the Court's Order granting Plaintiff leave to proceed IFP (ECF No. 3), and certified copies of his First Amended Complaint and the summons for purposes of serving Defendant. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Thereafter, the U.S. Marshal shall serve a copy of the First Amended Complaint and summons upon each Defendant as directed by Plaintiff on each Form 285. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

3. Defendants are thereafter **ORDERED** to reply to Plaintiff's First Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

/ / /

4.      Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendant, or counsel for Defendant, and the date of service.  Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

**IT IS SO ORDERED.**

DATED: April 4, 2013

*[signature]*

Hon. Michael M. Anello
United States District Judge