# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| JAMES M. WILLIAMS, | CASE NO. 12CV2952-MMA (WMc) |
|---|---|
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| vs. | |
| | [Doc. No. 15] |
| WILLIAM D. GORE, SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, | |
| Defendants. | |

Plaintiff James M. Williams, a state prisoner proceeding *pro se* and *in forma pauperis*, has filed a First Amended Complaint ("FAC") against Defendants William D. Gore, Sheriff of San Diego County, and the San Diego County Sheriff's Department. *See FAC*, Doc. No. 9. Plaintiff alleges violations of his First and Fourteenth Amendment rights arising out of Defendants' purported failure to provide meaningful access to the courts. Plaintiff seeks declaratory and injunctive relief. Defendants assert that Plaintiff's request for non-monetary relief is moot based on his transfer to state custody. For the reasons set forth below, the Court **GRANTS** Defendants' motion.

## BACKGROUND

This matter arises out of events occurring while Plaintiff was incarcerated at George Baily Detention Center and San Diego Central Jail, in the custody of the

Sheriff of San Diego County.[1] Generally, Plaintiff challenges the constitutionality of Defendants' policy that limits law library access to inmates representing themselves in criminal and habeas actions. Plaintiff contends his right of access to the courts was violated, because in lieu of visiting a prison law library, he was offered only limited access to legal research materials through Defendants' contract with Legal Research Associates. According to Plaintiff, the lack of access to a law library prevented him from pursuing a federal civil rights action based on "physical injury while incarcerated." *Complaint*, 3.

Plaintiff further alleges that Defendants frustrated his access to the courts by failing to provide sufficient postage for mailing legal documents to the courts; failing to provide ink pens, sufficient paper, and envelopes; and failing to provide sufficient photocopies of court documents and notary services. Plaintiff claims that these deficiencies prevented him from timely pursuing his federal civil rights action. Plaintiff seeks relief in the form of a declaration and permanent injunction preventing Defendants from, *inter alia*, continuing to contract with Legal Research Associates to provide legal research assistance to inmates in lieu of providing access to a law library. Plaintiff does not request monetary damages.

Defendants move to dismiss Plaintiff's FAC, arguing that Plaintiff's claims for declaratory and injunctive relief are moot now that he is no longer in Defendants' custody.[2]

///

---

[1] Because this case comes before the Court on a motion to dismiss, the Court must accept as true all material allegations in the complaint and must also construe the complaint, and all reasonable inferences drawn therefrom, in the light most favorable to Plaintiff. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

[2] Defendants also move to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff does not state a plausible constitutional claim since inmates do not have a right to access the courts to pursue civil litigation unrelated to the fact or conditions of confinement. Because this action is subject to dismissal under the mootness doctrine, the Court does not reach the issue. However, the Court notes that Plaintiff clearly alleges that he was hindered from pursuing a civil rights action based on his conditions of confinement. *See Complaint*, 3.

# LEGAL STANDARDS

## 1. Mootness

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). If a court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Lyons*, 461 U.S. at 102. In the context of prisoner civil rights litigation, if a prisoner challenges his conditions of confinement and seeks injunctive relief, transfer to another prison generally renders the request for injunctive relief moot absent some evidence of an expectation of being transferred back. *Andrews v. Cervantes*, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007).

## 2. Standards Applicable to Pro Se Litigants

Where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a *pro se* civil rights complaint, courts may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*; *see also Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (finding conclusory allegations unsupported by facts insufficient to state a claim under § 1983). "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." *Jones*, 733 F.2d at 649 (internal quotation omitted).

///

# DISCUSSION

## 1. San Diego County Sheriff's Department is not a Proper Defendant

The Court notes as an initial matter that the San Diego County Sheriff's Department is not a proper defendant. Section 1983 provides a cause of action against any "person" who, under color of state law, deprives an individual of federal constitutional rights or limited federal statutory rights. 42 U.S.C. § 1983. The term "person" includes state and local officials sued in their individual capacities and local governments. *Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2002); *Vance v. County of Santa Clara*, 928 F. Supp. 993, 995-96 (N.D. Cal. 1996). It does not include "sub-units" of local governments such as municipal departments or agencies. *See United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) (Ferguson, J., concurring) (municipal police departments and bureaus are generally not considered "persons" within the meaning of section 1983). Rather, the county itself is the proper defendant. As such, Plaintiff's claims should have been brought against San Diego County, not the Sheriff's Department.

## 2. Plaintiff's Claims for Declaratory and Injunctive Relief are Moot

As articulated by the Ninth Circuit in *Wiggins*, claims for non-monetary relief brought under 42 U.S.C. § 1983 are moot if the prisoner-plaintiff is no longer subject to the alleged illegal conduct. *Wiggins v. Rushen*, 760 F.2d 1009 (9th Cir. 1985). Here, Plaintiff's claims for injunctive and declaratory relief are subject to dismissal pursuant to this holding. In *Wiggins*, a prisoner brought an action under 42 U.S.C. § 1983 claiming that the access to the law library at California Training Facility at Soledad was unconstitutionally inadequate. While the case was pending, the prisoner was transferred to another prison. Defendants then filed a motion to dismiss the case for mootness, which was denied by the district court. The Ninth Circuit reversed, holding that since the prisoner had been transferred and was no longer subject to the illegal activity, his complaint for an injunction was moot. Similarly, Plaintiff here has been transferred from the custody of the Sheriff of San

Diego County to state custody, and the illegal activity of which he complained – a lack of access to a law library and supplies while in the custody of the Sheriff – has necessarily ended.

Because there is neither a reasonable expectation nor demonstrated probability that Plaintiff will return to the custody of the San Diego County Sheriff, his request for non-monetary relief is moot. *See Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (concluding prisoner's claims for injunctive relief were moot because prisoner was transferred to a different facility); *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995) (concluding prisoner's "claim that he might be transferred back to Calipatria some time in the future [was] 'too speculative' to prevent mootness"). Accordingly, the Court shall dismiss Plaintiff's claims for injunctive and declaratory relief. Furthermore, because Plaintiff does not include a prayer for monetary damages, the entire action must be dismissed.

### 3. *Leave to Amend*

The Court must give a *pro se* litigant leave to amend his complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted), citing *Noll v. Carlson*, 809 F.2d 1446, 1447 (9th Cir. 1987). Here, Plaintiff may be able to state a plausible access to courts claim if he amends his pleadings to include a prayer for monetary relief and brings his municipal liability claim against San Diego County instead of the Sheriff's Department.

Plaintiff is cautioned that Defendant Gore cannot be held liable in his official capacity for monetary damages. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-66 (1989). Defendant Gore may be held liable in his individual capacity, but only if he either was personally involved in the constitutional deprivation or a sufficient causal connection existed between his unlawful conduct and the constitutional violation. *See, e.g., Jackson v. City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001).

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' motion and **DISMISSES** Plaintiff's First Amended Complaint in its entirety. Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is filed in which to file a Second Amended Complaint which cures the deficiencies of pleading noted above. Plaintiff's Second Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Second Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**IT IS SO ORDERED**.

DATED: July 23, 2013

Hon. Michael M. Anello
United States District Judge