1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

JAMES M. WILLIAMS,

Plaintiff,

vs.

WILLIAM D. GORE, *Sheriff of San Diego County*, et al,

Defendants.

CASE NO. 12CV2952-MMA (WMc)

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

[Doc. No. 24]

Plaintiff James M. Williams, a state prisoner proceeding *pro se* and *in forma pauperis*, has filed a Second Amended Complaint ("SAC") against Defendants William D. Gore, Sheriff of San Diego County, and the County of San Diego. *See* Doc. No. 22. Plaintiff alleges violations of his First Amendment rights arising out of Defendants' purported failure to provide meaningful access to the courts. Defendants move to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Court **GRANTS** Defendants' motion.

### BACKGROUND

This matter arises out of events occurring while Plaintiff was incarcerated at George Baily Detention Center and San Diego Central Jail, in the custody of the

1  Sheriff of San Diego County.[1]  Generally, Plaintiff contends that Defendants

2  violated his First Amendment right of access to the courts because in lieu of visiting

3  a law library, he was offered only limited access to legal research materials through

4  the County's contract with Legal Research Associates.  According to Plaintiff, the

5  lack of access to a law library prevented him from pursuing a federal civil rights

6  action for Eighth Amendment claims arising out of the denial of medical treatment

7  and physical injuries sustained while incarcerated.

8       Plaintiff further alleges that Defendants frustrated his access to the courts by

9  failing to provide sufficient postage for mailing legal documents to the courts;

10  failing to provide ink pens, sufficient paper, and envelopes; and failing to provide

11  sufficient photocopies of court documents and notary services.  Plaintiff claims that

12  these deficiencies prevented him from pursuing his federal civil rights action.

13  Plaintiff seeks monetary damages.

14       Defendants move to dismiss Plaintiff's SAC in its entirety, arguing that

15  Plaintiff fails to state a plausible First Amendment claim.

16                          **LEGAL STANDARD**

17       To survive a motion to dismiss, a complaint must contain sufficient factual

18  matter, accepted as true, to state a claim that is plausible on its face.  *Ashcroft v.*

19  *Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S.

20  544, 555 (2007) (quotation marks omitted); *Conservation Force v. Salazar*, 646 F.3d

21  1240, 1241-42 (9th Cir. 2011).  The Court must accept the well-pleaded factual

22  allegations as true and draw all reasonable inferences in favor of the non-moving

23  party.  *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010);

24  *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).  Further, although the pleading

25  standard is now higher, the Ninth Circuit has continued to emphasize that prisoners

26

27       [1] Because this case comes before the Court on a motion to dismiss, the Court

28  must accept as true all material allegations in the complaint and must also construe the complaint, and all reasonable inferences drawn therefrom, in the light most favorable to Plaintiff.  *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

1  proceeding *pro se* in civil rights actions are still entitled to have their pleadings

2  liberally construed and to have any doubt resolved in their favor.  *Wilhelm v.*

3  *Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

4  **DISCUSSION**

5  *1.      Plaintiff's First Amendment Claim*

6          Plaintiff sues Defendant Gore in his individual capacity for violation of his

7  First Amendment right of access to the courts.  Plaintiff also alleges his First

8  Amendment claim against the County pursuant to *Monell v. Dep't of Soc. Servs.*, 436

9  U.S. 658, 690 (1978).  To maintain a First Amendment claim against either

10  defendant, Plaintiff must sufficiently allege that he was deprived of a constitutional

11  right.  Defendants argue that he has not done so.  The Court reaches the same

12  conclusion, albeit by a different path.

13          Under the First Amendment, state prisoners have a right to access the courts.

14  *Lewis v. Casey*, 518 U.S. 343, 346 (1996), citing *Bounds v. Smith*, 430 U.S. 817,

15  821, 823, 828 (1977).  "[A]ccess to the courts means the opportunity to prepare,

16  serve and file whatever pleadings or other documents are necessary or appropriate in

17  order to commence or prosecute court proceedings affecting one's personal liberty."

18  *Id.* at 384 (Thomas, J. concurring).  The right is limited, but includes civil rights

19  actions.  *Id.* at 354.  To prove a violation of the right of access to the courts, a

20  prisoner must establish, *inter alia*, "actual injury" – that is,  "actual prejudice with

21  respect to contemplated or existing litigation, such as the inability to meet a filing

22  deadline or to present a claim."  *Lewis*, 518 U.S. at 348; *see also Monell*, 436 U.S. at

23  658.

24          There are two types of access to the courts claims: backward-looking and

25  forward-looking.  *See Christopher v. Harbury*, 536 U.S. 403, 413-14 (2002).  Here,

26  Plaintiff alleges a backward-looking claim concerning a lost opportunity to litigate

27  his civil rights claims.  To adequately plead a backward-looking denial of access to

28  the courts claim, Plaintiff must allege sufficient facts to show: (1) the loss of a non-

1  frivolous or arguable underlying claim; (2) the official acts frustrating the litigation;

2  and (3) a remedy that may be awarded as recompense but that is not otherwise

3  available in a future suit. *Christopher*, 536 U.S. at 414-15.

4         Plaintiff cannot satisfy this pleading standard. Plaintiff alleges that he lost the

5  opportunity to pursue non-frivolous Eighth Amendment claims related to his denial

6  of adequate medical treatment and the deliberate indifference of prison officials to

7  his serious medical needs. He sufficiently alleges facts in support of his underlying

8  Eighth Amendment claims. *Id*. at 417 (holding that a "complaint should state the

9  underlying claim . . . just as if it were being independently pursued."). Plaintiff

10 further alleges that his ability to litigate his claims was frustrated by Defendants'

11 ongoing practice of contracting with Legal Research Associates to provide

12 inadequate legal assistance, depriving him of access to a law library, denying and

13 prohibiting the receipt and distribution of pens and paper necessary for drafting legal

14 claims, prohibiting the distribution of adequate envelopes and postage necessary for

15 mailing documents to the courts, and prohibiting photocopying. *SAC*, Count One ¶¶

16 3-4; Count Two ¶ 4. According to Plaintiff, these actions resulted in a "total denial

17 of the means and materials necessary to secure the capability to prepare and file

18 actionable claims to the Courts." *Id*., Count Two ¶ 5.

19        Plaintiff seeks damages as a remedy in this suit. However, such a remedy

20 remains available with respect to his underlying Eighth Amendment claims.

21 *Christopher*, 536 U.S. at 421. The claims are not time-barred nor does Plaintiff

22 otherwise allege that they have not been "lost." *Id*. The statute of limitations

23 applicable in section 1983 actions is the two-year period set forth at California Civil

24 Procedure Code § 335.1 for personal injury actions. *See Maldonado v. Harris*, 370

25 F.3d 945, 954 (9th Cir. 2004). Imprisonment delays the accrual of the cause of

26 action for up to two years pursuant to California Code of Civil Procedure § 352.1.

27 As such, Plaintiff has a maximum of four years to file a civil rights action based on

28 his Eighth Amendment claims. The events giving rise to these causes of action

1   occurred in March and April 2011.  The statute of limitations has not yet expired.

2   Furthermore, Plaintiff does not allege any current impediment to pursuing his

3   Eighth Amendment claims.  Plaintiff concedes that he now has access to a law

4   library, and he clearly has not been frustrated in his efforts to litigate.  *Lewis v.*

5   *Casey*, 518 U.S. 343, 348-49 (1996) (to state an access to courts claim, inmate must

6   "demonstrate that a nonfrivolous legal claim had been frustrated or was being

7   impeded").  In sum, Plaintiff fails to allege a "remedy that may be awarded as

8   recompense but not otherwise available in some suit that may yet be brought."

9   *Christopher*, 536 U.S. at 415.  Plaintiff's Eighth Amendment claims are viable .[2]

10  Therefore, his First Amendment claim is not.

11  ***2.    Leave to Amend***

12  The Court must give a *pro se* litigant leave to amend his complaint "unless it

13  determines that the pleading could not possibly be cured by the allegation of other

14  facts."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation

15  omitted), citing *Noll v. Carlson*, 809 F.2d 1446, 1447 (9th Cir. 1987).  Here, for the

16  reasons set forth above, Plaintiff cannot amend his allegations to state a plausible

17  First Amendment access-to-courts claim against Defendants.  Nor may Plaintiff

18  amend his complaint in this action to add his underlying Eighth Amendment claims.

19  Federal Rule of Civil Procedure 20(a)(2) requires that the right to relief arise out of

20  common events and contain common questions of law or fact.  "Unrelated claims

21  against different defendants belong in different suits . . . ."  *George v. Smith*, 507

22  F.3d 605, 607 (7th Cir. 2007).  Plaintiff's Eighth Amendment claims arise out of

23  events unrelated to those precipitating his access-to-courts claim, and indict the

24

25          [2] The Court acknowledges that Plaintiff's Eighth Amendment claims ultimately

26  may not be successful if he, *inter alia*, failed to exhaust his administrative remedies
    with respect to those claims.  *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir.

27  2002) (exhaustion must be satisfied prior to filing suit).  However, a prisoner's failure
    to exhaust is an affirmative defense, not a pleading requirement, and must be

28  demonstrated by the defense.  *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 921 (2007);
    *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).

1  actions of different defendants.  Plaintiff may pursue his Eighth Amendment claims

2  against the appropriate defendants in a separate civil rights lawsuit.

3  **CONCLUSION**

4      Based on the foregoing, the Court **GRANTS** Defendants' motion to dismiss.

5  The Court **DISMISSES** Plaintiff's Second Amended Complaint without prejudice

6  for failing to state a claim upon which relief maybe granted pursuant to Federal Rule

7  of Civil Procedure 12(b)(6).  The Court **DENIES** Plaintiff leave to amend.  *See*

8  *Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal.

9  1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable

10  basis in law, this action should be dismissed without leave to amend; any

11  amendment would be futile."), citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir.

12  1996).  The Clerk of Court shall enter judgment accordingly and terminate this

13  action.

14      **IT IS SO ORDERED**.

15  DATED:  December 18, 2013

16

17  Hon. Michael M. Anello
    United States District Judge

18

19

20

21

22

23

24

25

26

27

28

12CV2952